UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: NOV 0 9 2016

Humphrey Rich Construction Group Inc.,

Plaintiff,

–v–

Utica First Insurance *et al.*,

Defendants.

16-CV-5676 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Plaintiff in this diversity action moves for permission to serve the summons and complaint on individual Defendant Marwan M. Hinnawi by alternative means. Dkt. Nos. 20, 22. Specifically, Plaintiff seeks to effectuate service by serving Mr. Avi D. Caspi, an attorney whose office represents Mr. Hinnawi in the personal injury action currently pending in New York Supreme Court that has precipitated the insurance coverage dispute currently before this Court. Dkt. No. 20 at 1. For the following reasons, Plaintiff's motion is GRANTED.

Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served within a judicial district of the United States by, among other things, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Section 308(5) of New York's Civil Practice Law and Rules ("CPLR"), in turn, permits a summons to be served "in such manner as the court, upon motion without notice, directs," if "service is impracticable" under the four methods specified in Sections 308(1) through (4). N.Y.C.P.L.R. § 308(5). While "Section 308(5) requires a showing of impracticability of other means of service," it "does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Rampersad v. Deutsche Bank Secs.*, 02-cv-7311, 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003) (internal

1

quotation marks omitted). "The meaning of 'impracticable' depends on the facts and circumstances of a particular case." *Id.* (citing *Markoff v. South Nassau Comm. Hosp.*, 91 A.D.2d 1064, 1065 (2d Dep't 1983)). Generally, however, "the plaintiff must make some showing that the other prescribed methods of service could not be made," and "conclusory assertions about difficulty" are insufficient. *Translick, Inc. v. Rantnetwork, Inc.*, 11-cv-8171, 2013 WL 4015768, at *3 (S.D.N.Y. Aug. 7, 2013) (internal quotation marks omitted). Upon a showing of impracticability, courts further require, "in accordance with well-established constitutional principles," that the alternative method of service devised "be one that is reasonably calculated, under all the circumstances, to apprise the defendant of the pendency of the action." *Baidoo v. Blood-Dzraku*, 48 Misc. 3d 309, 311 (Sup. Ct. N.Y. Cnty. 2015) (internal quotation marks and brackets omitted); *see also Bozza v. Love*, 15-cv-3271, 2015 WL 4039849, at *2 (S.D.NY. Jul. 1, 2015) (analyzing whether requested method of alternative service under CPLR § 308(5) "comports with due process").

  Here, Plaintiff represents to the Court that it made multiple efforts to determine Mr. Hinnawi's place of residence, including by retaining a vendor to run skip traces, and identified two possible home addresses. Dkt. No. 22 at 1-2. It further demonstrates, through affidavits from its process server, that it made three attempts to serve Mr. Hinnawi at these addresses and was ultimately advised by current occupants that Mr. Hinnawi does not reside at either one. Dkt. Nos. 22-1; 22-2. The Court finds that this constitutes a satisfactory showing of impracticability. *See, e.g.*, *Bozza*, 2015 WL 4039849, at *1 ("Courts have found the impracticability standard met where, despite a diligent search, a plaintiff has demonstrated that her efforts to obtain information regarding the defendant's current residence or place of abode through ordinary means had proven ineffectual.") (internal quotation marks, brackets, and ellipsis omitted).

  The Court further finds that, under the circumstances, service on Mr. Caspi is reasonably calculated to apprise Mr. Hinnawi of the pendency of this matter. As noted above, Mr. Caspi

2

represents Mr. Hinnawi in the pending personal injury suit that underlies this insurance action, and it is reasonable to assume that the two are in regular contact regarding the former matter. *See, e.g.*, *Bozza*, 2015 WL 4039849, at *2; Dkt. No. 20 at 16 (confirming attorney-client relationship between Messrs. Hinnawi and Caspi). Indeed, courts both in this District and in New York State's Appellative Division have recognized service upon a party's personal attorney as a valid form of alternative service. *See, e.g.*, *Bozza*, 2015 WL 4039849, at *2; *Rampersad*, 2003 WL 21073951, at *1-2; *Kelly v. Lewis*, 632 N.Y.S.2d 186, 186-87 (2d Dep't 1995); *Franklin v. Winard*, 189 A.D.2d 717, 717 (1st Dep't 1993).

Accordingly, Plaintiff's motion is GRANTED. Plaintiff shall serve Mr. Caspi within ten days, and shall file an affidavit of service within seven days after such service is effectuated.

This resolves Dkt. Nos. 20 and 22.

SO ORDERED.

Dated: November 9, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge